Opinión disidente emitida por el
Juez Asociado Señor Fuster Berlingeri.
El 19 de mayo de 2006 este Foro emitió una resolución en el caso de autos, mediante la cual le concedimos un término a la parte recurrida, Western Auto of Puerto Rico, para que mostrara causa por la cual no debíamos dejar sin efecto el impugnado dictamen del foro apelativo, que desestimó la demanda presentada antes por la Sra. Jessica Meletiche, esposa del trabajador que aquí nos concierne. Procurábamos reinstalar así la causa de acción de dicha *199 esposa, como lo había hecho antes correctamente el foro de instancia.
Nuestra resolución fue emitida con plena deliberación. Es decir, no obstante conocer a cabalidad la trillada norma sobre la inmunidad patronal al amparo de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, los miembros de este Tribunal que participamos en la consideración inicial de este asunto estuvimos todos de acuerdo entonces con atender el recurso de autos mediante el mecanismo procesal de una orden para mostrar causa. Lo hicimos sencillamente porque nos pareció que en este caso probablemente estaba presente una de las excepciones a la inmunidad patronal referida, a saber, cuando media una actuación intencional por parte del patrono.
Pero ahora la mayoría del Tribunal, sorprendentemente despacha lo referente a esa excepción con unas meras oraciones, citando para ello al comentarista Larson.
En este caso son hechos incontrovertidos: (1) el patrono Western Auto estaba apercibido de que sus empleados solían encerrar a compañeros de trabajo en el baño del taller de mecánica; (2) el día de los hechos, varios empleados del patrono, incluso un supervisor, encerraron a un compañero en dicho baño y le vaciaron el contenido de un extintor de fuego por debajo de la puerta; (3) la referida conducta de dichos empleados le causó graves daños físicos y mentales al compañero, como era anticipable.
Frente a estos trágicos hechos, la mayoría ahora decreta que el patrono es inmune. Según la mayoría, “a lo sumo, lo único que se le puede imputar al mencionado patrono ... es haber sido negligente al no haber corregido la situación de la cerradura del baño ...”. (Enfasis en el original.) Opinión mayoritaria, pág. 195.
En mi criterio, la mayoría confunde el problema real del caso de autos. Lo medular aquí no es si el patrono arregló o no la cerradura del baño. Más bien, lo crucial es que el patrono hizo caso omiso de una reiterada conducta de sus empleados, incluso de un supervisor, de encerrar a otros empleados en el baño. La indiferente dejadez del patrono *200 frente a una repetida acción ilícita de sus empleados, que finalmente dio lugar a un incidente funesto, que antes nos movió a atender este recurso, pero ahora le parece a la mayoría del Tribunal que sólo constituye un mero acto de negligencia. La contención, que antes nos pareció lo suficientemente seria como para considerar el recurso, de que aquí se le puede atribuir intencionalidad al patrono, ahora es “totalmente inmeritoria” para la Mayoría. Ello, porque supuestamente el reputado comentarista Larson lo dice.
Sin embargo, el asunto no es tan sencillo como se relata en el dictamen mayoritario. Es cierto que el celebre jurista Larson señala, sobre el asunto que aquí nos concierne, que “when the intentional injury is committed by a co-employee the better rule is that an action in damages will not lie against the employer merely because the co-employee occupied supervisory status in relation to the claimant”. (Énfasis suplido.) 6 Larson’s, The Law of Workmen’s Compensation pág. 103-10 (2006). Pero también es cierto —y la mayoría en su dictamen ni lo menciona— que Larson dedica docenas de páginas a explicar cómo y por qué la norma aludida está cambiando en las jurisdicciones norteamericanas. íd., págs. 103-10 a 103-39. En efecto, Larson explica en detalle que al menos una docena de jurisdicciones estatales(1) han variado ya sus normas para permitir acciones contra el patrono por actos intencionales de un compañero de trabajo cuando se trata de una conducta u omisión que el patrono entendía con sustancial certeza que le causaría daño a algún empleado. Esta óptica emergente está apoyada en gran parte por la postura sobre el particular de otro prominente jurista, W. Prosser, Handbook of the Law of Torts, St. Paul, West Publishing, 1971, citado por Larson.
Resulta, pues, que la mayoría menciona de pasada un criterio de Larson, pero no detalla nada en su opinión so *201 bre el resto de lo indicado por Larson sobre el particular. Y como si esta incomprensible omisión fuera poco, la mayoría tampoco explica de modo alguno por qué es que la conducta del patrono en el caso de autos no constituye una “actuación intencional” suya. Ese es el asunto más importante y determinante de este caso, pero la mayoría guarda silencio, tal como lo hace con el resto de la exposición de Larson sobre la cuestión que aquí nos concierne.
En mi criterio, tratamos aquí con una conducta que jurídicamente constituye una indudable actuación intencional, que debe generar responsabilidad. El patrono, estando plenamente consciente de un reiterado acto ilícito de sus empleados, hizo caso omiso de ello. Nuestra Ley de Compensaciones por Accidentes del Trabajo no define concretamente qué es un “acto intencional”. Tampoco lo hemos hecho nosotros en la muy escasa jurisprudencia sobre el particular, que es extremadamente limitada en cuanto a este asunto se refiere. En efecto, la excepción a la norma básica de remedio exclusivo cuando ocurre un acto patronal intencional la establecimos escuetamente, en sólo una oración, en Odriozola v. S. Cosmetic Dist. Corp., 116 D.P.R. 485, 501 (1985). La hemos reiterado posteriormente, también de modo igualmente escueto, en Pacheco Pietri y otros v. E.L.A. y otros, 133 D.P.R. 907, 919 esc. 6 (1993); Laureano Pérez v. Soto, 141 D.P.R. 77, 84 (1996), y en Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178, 196 (1998). A pesar de que Larson dedica muchas páginas a examinar este asunto a fondo, en Puerto Rico hasta ahora no le habíamos dedicado más de unas oraciones. La ponencia de la mayoría del Tribunal en el caso de autos no supera esta situación.
Ante la ausencia de una definición normativa en nuestro ordenamiento jurídico sobre qué constituye el “acto intencional” referido, debemos tener en cuenta que, según el propio Larson, éste ocurre cuando para el patrono era sustancialmente cierto que un daño resultaría de dicho acto. El énfasis está en lo que el patrono podía prever con certeza.
*202 Aquí el patrono, hizo caso omiso de la reiterada conducta ilícita de sus empleados, la cual conocía. No cabe duda de que actuó de modo irresponsable y en abandono de su deber social. Era evidentemente previsible que el encierro forzado de varios empleados en el pequeño y limitante espacio de un baño le causaría, cuando menos, malestar y desasosiego a éstos. El patrono, pues, tenía la obligación social de requerirle a sus empleados que terminaran la práctica irresponsable y nociva de encerrar a otros empleados en el baño del taller. No lo hizo, por lo que su omisión permite imputarle jurídicamente haber incurrido en un acto intencional. Tal omisión constituye “dejar de hacer una cosa necesaria”, que “conlleva corrientemente la connotación ... de grave falta moral”. (Énfasis suplido.) Pueblo v. Romero Cuesta, 101 D.P.R. 404, 408 (1973).
Sobre todo en la situación aciaga que vive el país, este Tribunal le hace un flaco servicio, al condonar que un patrono ignore una conducta reiterada gravemente irresponsable de sus empleados. En mi criterio, no ejercemos cabalmente nuestra ingente función como máximo foro judicial del país al darle la espalda a una víctima de la maléfica “bromita” que aquí nos concierne. Como no comparto el visto bueno que la mayoría de tribunal le da a la cruda insensibilidad e irresponsabilidad patronal en el caso de autos, yo disiento.

 Los estados que tienen una nueva normativa son: Connecticut, Florida, Louisiana, New Jersey, North Carolina, Ohio, South Dakota, Texas, California, Michigan, Washington y West Virginia.